IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACKIE R. WILKINS,

          Plaintiff,

v.                                        Case No. 04-4024-SAC

PACKERWARE CORPORATION,

          Defendant.

## **ORDER**

This matter comes before the court upon defendant's Motion in Limine (Doc. 60). Defendant seeks an order of the court to preclude plaintiff from offering or seeking to offer evidence of the outcome of his unemployment compensation application in the trial of this case. Plaintiff has filed his opposition to defendant's request (Doc. 75).

In support of his motion, defendant states that during discovery plaintiff's counsel sought to question management witnesses on plaintiff's unemployment claim, implying by his questions that the fact that the plaintiff recovered benefits is relevant to whether he was unlawfully discharged. Defendant argues that any attempt by the plaintiff to introduce the referee's finding that a "majority of [plaintiff's] absences were with good cause" would only "prejudice the jury into believing [p]laintiff was the victim of discrimination."[1]

In his response, plaintiff contends that evidence relating to his unemployment compensation application is not only relevant and admissible but also deserving of deference by this court through the doctrine of collateral estoppel. Plaintiff argues that the decision by the unemployment referee should

---

[1] Doc. 60, p. 2.

collaterally estop the defendant from contesting that the plaintiff was absent from work "with good cause, i.e. as a result of his work injuries."[2]

"The decision to admit evidence of administrative decisions in federal anti-discrimination suits is committed to the sound discretion of the trial court."[3] In the instant case, the court concludes that the findings of the unemployment compensation referee should not be admissible at trial because of the increased likelihood of prejudice and jury confusion. As this court stated in *Lawrence v. IBP, Inc.*, "evidence about the unemployment compensation matter will likely confuse the jury because the requisite standard of proof was different than in the instant matter. The burden is not on the defendant in the instant case to show that plaintiff committed misconduct, as was required in the unemployment compensation hearing. Rather ... the plaintiff must prove that defendant retaliated ... against her."[4]

The court also rejects plaintiff's contention that the unemployment compensation findings should be afforded collateral estoppel effect. In *Gutierrez v. Board of County Commissioners of Shawnee County*, this court found that Kansas courts would not allow "the application of res judicata or collateral estoppel principles to findings made by the referee in a Kansas unemployment compensation hearing."[5] In coming to this conclusion, the court in *Gutierrez* relied on the differences between an

---

[2] Doc. 75, p. 2.

[3] *Flick v. Aurora Equipment Company, Inc.*, 2004 U.S. Dist. LEXIS 4304, *21 (January 15, 2004, E.D. Pa.), citing *Walton v. Eaton Corp.*, 563 F.2d 66, 75 (3rd Cir. 1977).

[4] 1994 WL 477257, *1 (August 16, 1994, D. Kan.).

[5] 791 F. Supp. 1529, 1534 (D. Kan. 1992) (The court explained that its determination of the application of res judicata and collateral estoppel must be guided by the treatment of administrative decisions by the state courts.)

unemployment benefits hearing and a judicial proceeding, including the difference in the burdens of proof, the issues to be determined and the purpose behind each proceeding.[6]

For the foregoing reasons, the court finds that defendant's motion in limine should be granted. The plaintiff is hereby ordered to refrain from offering or seeking to offer evidence of the outcome of his unemployment compensation application in the trial of this case.

IT IS THEREFORE ORDERED that defendant's Motion in Limine (Doc. 60) is granted.

Dated this 7th day of July, 2005, at Topeka, Kansas.

                                            s/K. Gary Sebelius
                                            K. Gary Sebelius
                                            U.S. Magistrate Judge

---

[6] *Gutierrez*, 791 F. Supp. at 1533.