IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACKIE R. WILKINS,

                Plaintiff,

v.                                            Case No. 04-4024-SAC

PACKERWARE CORPORATION,

                Defendant.

## **ORDER**

This matter comes before the court upon plaintiff's Motion in Limine (Doc. 65). Plaintiff requests the court to exclude

> "all evidence, testimony, inference and allegation, during all aspects of trial in which the jury is present, concerning the following:
>
>     1. A written memorandum of Kevin R. Woods dated March 15, 2002;
>     2. Absences and other disciplinary action that did not contribute or form the bases for Mr. Wilkins' termination of employment;
>     3. Failure to call any witness;
>     4. Probable testimony of any witness who is absent or not called to testify; and
>     5. Opinion Testimony."[1]

Defendant objects to plaintiff's motion. (Doc. 72). The court, having considered the parties' arguments, finds that the plaintiff's motion should be taken under advisement in part and denied in part.

**1.    Kevin Woods's Memorandum**

Plaintiff contends that a memorandum "purportedly written by Kevin R. Woods" constitutes inadmissible hearsay. Defendant argues that the memo is not hearsay at all, bur rather contemporaneous evidence of the mental operations of its now-deceased manager. Furthermore, even if the memo were

---

[1] Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine, pp. 1-2 (Doc. 66).

hearsay, defendant claims it would be admissible under the business record exception of Rule 803(6) of the Federal Rules of Evidence.

Kevin Woods was defendant's Human Resources Manager. Acting in that capacity, he terminated the plaintiff for alleged attendance violations in March of 2002. Before his deposition could have been taken in this case, Mr. Woods died in a car accident. As part of the plaintiff's employment file, defendant produced a memorandum it claims was created by Mr. Woods during the plaintiff's termination process. The memorandum is typed on a blank piece of paper; its heading states "Memo to File - Jack Wilkins - 3/13/02;" toward the middle of the page it contains a legend that reads "Update - 3/15/02;" and at the bottom there is handwriting that appears to read "Kevin Woods 3/15/02."

Plaintiff argues that the circumstances surrounding the preparation of this memorandum render it untrustworthy. Plaintiff asserts Mr. Woods's death has deprived the plaintiff of the opportunity to cross examine Mr. Woods or to challenge the contents of the document. Furthermore, plaintiff contends that the memorandum would cause him "great prejudice" because it contains "mis-statements of facts, completely false allegations," and "attributes admissions to plaintiff."

Defendant, in its opposition to plaintiff's motion, states that exclusion of Mr. Woods's memorandum would be prejudicial not only to it but also to the jury and the court because the memorandum is the only record made by the actual decisionmaker in this case.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[2] Hearsay evidence cannot be

---

[2] Fed. R. Evid. 801(c).

admitted at trial unless it falls under an exception.[3]  Defendant argues that Kevin Woods's memorandum is not hearsay because it is not being offered to prove the truth of the statements contained therein. Rather, defendant claims the memorandum is the "contemporaneous evidence of the mental operations of its now-deceased manager."[4] As such, defendant claims it should be admissible in accordance with the Tenth Circuit precedent of *Adkins v. Tower Corp.*[5]

In *Adkins*, the Tenth Circuit upheld the district court's decision to allow the manager to testify that his subordinate had made statements that the plaintiff was "causing divisiveness in the sales department," that "there was a lack of training" and that the decisionmaker was dissatisfied with "operations in the department and ... with sales results."[6]  The court held that the testimony was not hearsay because it "was not offered to prove the truth of the matter asserted - that plaintiff's job performance was deficient - but only to show [the declarant's] state of mind in deciding to terminate [the] plaintiff."[7]

The defendant contends that the *Adkins* rationale is applicable in the instant matter because the memo is a "road map to Woods's mental operations during the time in question."[8]  However, the court cannot, at this time, definitively rule that the memorandum shows only Kevin Woods's state of mind as

---

[3] Fed. R. Evid. 802.

[4] Defendant's Response in Opposition to Plaintiff's Motion in Limine, p. 1 (Doc. 72).

[5] 1998 U.S. App. LEXIS 7334 (10th Cir. 1998).

[6] 1998 U.S. App. LEXIS 7334, * 6.

[7] Id. at *9.

[8] Defendant's Response in Opposition to Plaintiff's Motion in Limine, p. 2.

he terminated the plaintiff. Rather, it appears to the court that some of the statements in the memo can be used to prove the matter of the facts asserted, thus triggering the rule against hearsay evidence. In *Adkins*, the Tenth Circuit held that the testimony "was not offered to prove that plaintiff's job performance was lacking, but only to demonstrate that [the supervisor] thought there were legitimate business reasons for his decision to terminate plaintiff."[9] In the case at bar, some statements contained in Woods's memo appear more as an attempt to attack plaintiff's credibility rather than an explanation of the defendant's HR director's decisions. Notably, the court finds that such statements as "Jack admitted that he had been to this doctor twice before...." or "... Jack has played the attendance game for many years and it has finally caught up with him" do little to explain Mr. Woods's decision but much to undermine plaintiff's credibility. Therefore, the court concludes that Kevin Woods's memorandum is distinguishable from the testimony offered in *Adkins* and should not be admitted at trial absent an exception.

Fed. R. Evid. 803(6) provides an exception to the hearsay rule for:

Records of Regularly Conducted Activity. – A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation ... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness....

"To fall within this exception, a document must (1) have been prepared in the normal course of business; (2) ... have been made at or near the time of the events it records; and (3) ... be based on the

---

[9] 1998 U.S. App. LEXIS 7334 at *9.

personal knowledge of the entrant...."[10]  "Even if a document is found to meet all three requirements, it can be excluded if the 'source of information or the method or circumstances of preparation' make it untrustworthy."[11]

Plaintiff contends the necessary foundation has not been established for the admissibility of the memorandum in question.  The court must evaluate Kevin Woods's memorandum in light of the law set forth above.

### A. Prepared in the normal course of business

As noted above, to be admissible under the business records exception, an otherwise hearsay document must have been prepared in the normal course of business.  "To have been prepared 'in the normal course of business,' the memorandum must have been made in the regular course of business of a regularly conducted business activity; and it must have been the regular practice of that business to have made the memorandum."[12]  Defendant contends that this first element of the business records exception is met.  Kevin Woods was the defendant's Director of Human Resources and he maintained reports and memoranda in all employees' personnel files as part of his regularly conducted business.[13]  Defendant further claims that Christy Stocks has testified that Mr. Woods wrote memoranda to all personnel files in all human resources actions that he took.

---

[10] *Hertz v. Luzenac America, Inc.*, 371 F.3d 1014, 1017(10th Cir. 2004) (internal citations omitted).

[11] *Id.*, quoting Fed. R. Evid. 803(6).

[12] *Id.*

[13] Defendant's Response in Opposition to Plaintiff's Motion in Limine, p. 3.

Having reviewed the evidence available so far in this case, the court finds that the first element of the business records exception is not satisfied at this time. While the court agrees that Mr. Woods was Packerware's Director of Human Resources at the time of plaintiff's termination, it is not clear that Mr. Woods wrote or maintained this or similar memoranda for any employee in the course of performing his regular duties. Ms. Stocks's deposition testimony on this subject is not conclusive:

> Q. Document 266 are what we have been referring to Kevin Woods' notes and those are dated March 15, 2002, correct?
>
> A. Correct.
>
> Q. And at the top the typed date is 3-13-02. Do you know whether the first part of that document was created on the 13th and the second part on the 15th or was created on the 15th or do you have any knowledge what time were those documents created?
>
> A. No. It reads that way, but I don't have any knowledge.
>
> Q. It reads like it was written at two different times, correct?
>
> A. It reads that way, but I don't - I can't tell you if it was actually done.
>
> Q. The top portion is dated 3-13-02 and then it says update 3-15 and there's another section, correct?
>
> A. Yes.
>
> Q. When was the first time that you saw this document, 266?
>
> A. I glanced at it yesterday.
>
> Q. Have you ever seen it before that?
>
> A. It's in the large stack that I inherited from Kevin, so, I may have, but I still haven't read it

>> in detail.
>
> Q. At the time when it was created or about that time in March of 2002 would you have looked at that document?
>
> A. I doubt it. Kevin typically kept these in his computer files.[14]

In the court's view, the assertion that "Kevin typically kept these in his computer files" does not provide sufficient basis to conclude that the memorandum was made in the regular course of business of a regularly conducted activity of the defendant's human resources department; and that it was the regular practice of that department to have made the memorandum. Defendant has presented no other evidence to show that Mr. Woods regularly memorialized his meetings with terminated employees or kept such notes in their files. As such, the court is unable to conclude at this time that the memorandum was prepared in the normal course of business.

### B. Contemporaneous record based on personal knowledge.

Although the court has concluded above that the evidence presented so far does not establish that Kevin Woods's memorandum was prepared in the regular course of business, it will briefly discuss two additional elements of the business records hearsay exception.

In the memorandum in support of his motion in limine, the plaintiff refers to the memorandum in question as one "purportedly written by Kevin R. Woods."[15] Plaintiff also notes the fact that the memorandum was not created on any type of letterhead, but rather was typed on a "completely black

---

[14] Deposition of Christy Stocks-Atterberry, Exhibit 4 to Defendant's Memorandum of Law in Support of Packerware's Motion for Summary Judgment (Doc. 38), 68:17-70-1.

[15] Memorandum in Support of Plaintiff's Motion in Limine, p. 4.

piece of paper with no identifying marks of any kind."[16]  This language suggests to the court that the plaintiff might challenge the notion that the memorandum was created at the time of his discharge or that it was created by Mr. Woods.

In its response to plaintiff's motion in limine, defendant contends that the title of the memorandum, the dates contained therein, and the signature at the bottom thereof all indicate that it was created at the time of the plaintiff's termination by Mr. Woods himself.

From other evidence contained in the record, including the plaintiff's own testimony, the court knows that Mr. Woods met with the plaintiff on both March 13, and March 15 of 2002 to discuss his suspension and eventual termination.  Therefore, it appears that it would be plausible for Mr. Woods to memorialize those meetings in a document and put it into the plaintiff's file.  Unfortunately, there is no testimony or affidavits that would confirm the court's conjecture that this is precisely what Mr. Woods had done.  As noted in both parties' pleadings, Mr. Woods died in a car accident before his deposition could have been taken.  Absent more specific proof that the one-page typed memorandum could be attributable to Mr. Woods, the court is not willing to conclude that it was created by him.  Similarly, the mere presence of the dates in the memorandum is insufficient to demonstrate that the document was indeed created on those particular dates.  Therefore, absent more compelling evidence, the court is unable to conclude that the remaining elements of the business records exception to hearsay are satisfied.

In summary, the defendant has failed to provide to the court sufficient evidence to conclude at this time that Mr. Woods's memorandum is a business record excepted from the application of the hearsay

---

[16] *Id.*

rule. However the court may re-evaluate the memorandum's admissibility upon the presentation of the complete evidentiary record. As such, the court takes plaintiff's motion under advisement and reserves judgment on the admissibility of Mr. Woods's memorandum until trial.

    **2.    Kevin Woods's Death**

In addition to seeking exclusion of the memorandum allegedly drafted by Mr. Woods, the plaintiff requests that the jury not be informed that Mr. Woods has died. Plaintiff states that such disclosure may have "a tendency to evoke sympathy for defendant." The court finds that plaintiff's request relating to Mr. Woods's death should be denied. As defendant points out, if it is unable to mention that Mr. Woods is dead, it may create an inference in the jury's mind that the defendant's primary decisionmaker "made an unlawful decision which he could not or would not appear in court to explain." The court agrees. The defendant has the right to disclose and the jury has the right to know that the reason behind the defendant's decisionmaker's absence is his death. Plaintiff's motion in limine regarding mention of Mr. Woods's death is denied.

    **3.    Plaintiff's Other Absences**

Plaintiff moves to exclude any and all inquiries into and evidence related to absences incurred by him during his entire tenure with the defendant that did not contribute to his termination of employment. Plaintiff contends that the introduction of evidence of such absences would delay trial and unduly prejudice the plaintiff. Plaintiff further claims that any absence other than the absences that actually led to his termination are irrelevant to the disposition of this case. Defendant objects to such blanket exclusion, arguing that it must be permitted to present evidence to show that it did not engage in a pattern of retaliatory conduct.

In *Rettinger v. IBP, Inc.*, this court held that the defendant's handling of other sexual harassment complaints and retaliation claims may be relevant in showing that its conduct was consistent with its general business practice.[17]  However, the court found that such evidence "often becomes cumbersome, time-consuming, confusing and cumulative; all of which are reasonable grounds for limiting such evidence."[18] Therefore, for evidence of other instances of disciplinary actions to be admissible, there must be "similarity and connections" between the events at issue in the current trial and the past events.[19]  Similarly in *Hogan v. Colgate-Palmolive*, the court found that prior acts of alleged retaliation were admissible character evidence in the context of employee discharge cases requiring proof of discriminatory intent where the plaintiff could show that the prior acts can "logically or reasonably be tied" to the acts about which the plaintiff complains.[20]

In the instant case, defendant argues that the evidence of plaintiff's prior absences and, more importantly, the evidence of defendant's handling of such absences is relevant to the question of whether it retaliated against the plaintiff for taking FMLA leave.  Defendant states that it is "clearly relevant that [p]laintiff always had a poor attendance record and just as relevant that Packerware granted each of his requests for time off and for medical treatment over the years."[21]  The court finds that, while it may be

---

[17] 1999 WL 318153, *5 (D. Kan. Jan. 6, 1999).

[18] *Id.*

[19] *Id.*

[20] 2000 WL 1520262, * 7 (D. Kan. Oct. 4, 2000), quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999).

[21] Defendant's Response in Opposition to Plaintiff's Motion in Limine, p. 6.

relevant for the jury to be informed of the fact that the plaintiff has requested and been granted leave for medical treatment before, it cannot make a determination at this time whether each instance of plaintiff's past absence that defendant intends to bring up would have the sufficient "similarity and connection" in the underlying facts and motivations to warrant presentation to the jury. Therefore, the court takes this part of the plaintiff's motion under advisement.[22]

### 4.     Failure to Call any Witness

Plaintiff next seeks to preclude "any comments, remarks, testimony and/or evidence indicating that plaintiff failed to produce or call witnesses in her case because their testimony is favorable to defendant." Plaintiff contends such would be prejudicial and irrelevant.

Generally, one party's failure to call a witness is a proper subject of argument by the opposing party.[23]  Because plaintiff has shown no reason to depart from this general rule, this request shall be denied.

### 5.     Probably Testimony of any Witness who is Absent or Not Called to Testify

Plaintiff seeks to preclude any comment upon the probable testimony of an absent witness, alleging hearsay and Rule 403 prejudice. Plaintiff does not specify which witnesses may be absent, or

---

[22] This ruling concerns only the absences incurred by the plaintiff. In its Response to plaintiff's motion in limine, defendant argues that it intends to introduce evidence related to its treatment of other employees who were similarly situated to the plaintiff. Such evidence is not excluded by this ruling and may be introduced if it is relevant and not otherwise inadmissible.

[23] *See e.g. Alwine v. Buzas*, 89 Fed.Appx. 196, 207, 2004 WL 363477, *9 (10th Cir.2004) (finding Title VII plaintiff's "failure to subpoena [certain] witnesses for trial testimony was a legitimate subject of argument by the defense."); *Pickens v. Gibson*, 206 F.3d 988, 999 (10th Cir.2000) (holding that prosecutor was free to comment on defendant's failure to call certain witnesses or present certain testimony).

what comments are likely to be made about their probable testimony. Defendant responds that plaintiff's motion is premature as the plaintiff does not identify exactly what specific testimony he seeks to bar.

The court has no reason to believe that counsel will engage in improper comment regarding the substance of testimony from absent witnesses. However, it is unable to make a ruling at this time as any such ruling would necessarily be speculative. Therefore, plaintiff's motion with respect to probably testimony of any absent witness is denied at this time.

### 6.     Opinion Testimony

Plaintiff also seeks to preclude any lay witness opinion testimony to the effect that "no retaliation" occurred. Plaintiff contends such testimony would violate the limitations on lay witness testimony, invade the province of the jury, and unfairly prejudice plaintiff. Defendant responds that because of the vague nature of the motion, defendant does not know what testimony the motion is targeting.

It is well established that opinion testimony from decisionmakers may be admissible under Fed. R. Evid. 701, even if it bears on the ultimate issue in the case.

> Under Fed.R.Evid. 701, the testimony of a lay witness "in the form of opinions or inferences" is admissible if those opinions or inferences "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Courts generally hold admissible under Rule 701 evidence in the form of lay opinion testimony in discrimination cases when given by a person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices. Thus, "[l]ay opinion testimony may be helpful even if it bears on the ultimate issue in the case."[24]

Conversely, testimony from third parties about another's intent is objectionable where such

---

[24] *Brooks v. Barnhart*, 78 Fed.Appx. 52, *59, 2003 WL 22293796, *7 (10th Cir.2003) (internal citations omitted).

testimony is not based upon personal knowledge.[25]  Plaintiff concedes that lay witnesses may testify about facts within their personal knowledge, from which the jury may or may not infer a retaliatory motive.

Plaintiff's motion is too vague and speculative for a ruling in limine because it does not specify who the potential witnesses are, or what knowledge they had or did not have.   This motion shall therefore be denied.

IT IS THEREFORE ORDERED that plaintiff's Motion in Limine (Doc. 65) is taken under advisement in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's motion to exclude the Kevin Woods's memorandum is taken under advisement until a ruling can be made at trial upon the presentation of the complete evidentiary record.

IT IS FURTHER ORDERED that plaintiff's motion to preclude the defendant from referring to Mr. Woods's death is denied.

IT IS FURTHER ORDERED that plaintiff's motion to exclude evidence of plaintiff's absences that did not form the basis for his termination in this case is taken under advisement until a ruling can be made at trial upon the presentation of proposed evidence and the parties' arguments regarding specific absences.

IT IS FURTHER ORDERED that plaintiff's motion to exclude evidence regarding failure to call any witness is denied.

---

[25] *See Visser v. Packer Engineering Associates, Inc*., 924 F.2d 655, 659 (7th Cir.1991) (examining affidavits of three disgruntled employees who speculated that the manager fired the plaintiff because of age.); *Mehus v. Emporia State University,* 326 F.Supp.2d 1221, 1227 (D.Kan.2004) (grievance committee members who lacked personal knowledge of the alleged discrimination were not competent to testify under Rule 602, and their opinion testimony was not based on perception so was inadmissible under Rule 701).

IT IS FURTHER ORDERED that plaintiff's motion to exclude probably testimony of an absent witness is denied at this time.

IT IS FURTHER ORDERED that plaintiff's motion to exclude opinion testimony is denied at this time.

IT IS SO ORDERED.

Dated this 22nd day of July, 2005, at Topeka, Kansas.

                                              s/K. Gary Sebelius
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge