**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACKIE R. WILKINS,

                             Plaintiff,

      vs.                                        Case No.: 04-4024-KGS

PACKERWARE CORPORATION,

                             Defendant.

**<u>JURY INSTRUCTIONS</u>**

**INSTRUCTION NO.** 1

Members of the jury:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions concerning the law applicable to this case.  In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instruction, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

**INSTRUCTION NO.** 2

At times during the trial the court passes upon objections to the admission of certain things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for its rulings. In your consideration of the case you must draw no inferences from these rulings and you must consider only the evidence which is admitted by the court.

**INSTRUCTION NO.** 3

Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. You should disregard any such utterance that has no basis in the evidence.

**INSTRUCTION NO.** 4

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case.

**INSTRUCTION NO.** 5

Defendant is a corporation.  A corporation may act only through natural persons as its agents or employees.  In general, agents or employees of a corporation may bind the corporation by his of her acts and declaration made while acting within the scope of his or her authority delegated to him or her by the corporation or within the scope of his or her duties as an employee of the corporation.

**INSTRUCTION NO.** 6

This case should be considered an decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**INSTRUCTION NO.** 7

Generally speaking, there are two types of evidence that are generally presented at trial - direct evidence and indirect or circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**INSTRUCTION NO.** 8

Insofar as the jury is concerned, you may consider as evidence whatever is admitted in the trial as part of the record, whether it be the testimony of witnesses (in person or by deposition), or an article or document marked as an exhibit or other matter admitted, such as an admission, agreement, or stipulation.

**INSTRUCTION NO.** 9

Any notes you have taken during the trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**INSTRUCTION NO.** 10

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In considering the testimony of any witness, you may take into account: the opportunity and ability of the witness to see or hear or know the things testified to; the witness' memory; the witness' manner while testifying; the witness' interest in the outcome of the case and any bias or prejudice; whether other evidence contradicted the witness' testimony; the reasonableness of the witness' testimony in light of all the evidence; and  any other factors that bear on believability.   You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection–like failure of recollection–is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**INSTRUCTION NO.** 11

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that, at some other time, the witness has made an oral or written statement in a manner which is inconsistent with the witness's present testimony on a matter which is material to the issues.

If a witness is shown to have deliberately testified falsely concerning any material matter, you have a right to distrust that witness's testimony.  You may reject any part or all of that witness's testimony.

An act or omission is deliberate if done voluntarily and intentionally and not through mistake, accident or other innocent reason.

**INSTRUCTION NO.** 12

Plaintiff has the burden of proving each and every element of plaintiff's FMLA claims by a preponderance of the evidence.  If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant on the FMLA claims.

Additionally, Plaintiff has the burden of proving each and every element of plaintiff's Kansas Worker's Compensation Retaliation claim by a preponderance of the evidence that is clear and convincing in nature.  If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence that is clear and convincing in nature, you must return a verdict for defendant on the Kansas Worker's Compensation Retaliation claim.

**INSTRUCTION NO.** 13

Plaintiff Jackie R. Wilkins claims that the Defendant violated a federal law known as the Family and Medical Leave Act ("FMLA") and a Kansas state law known as the Kansas Worker's Compensation Act.   More specifically, the Plaintiff claims that the Defendant discharged him from employment for incurring absences that were necessitated by a work-related injury.

The Defendant denies that it violated the Act in any way and asserts that Plaintiff's discharge was for the legitimate reason that Plaintiff had accumulated attendance points in excess of its company policy.

The foregoing instructions set forth the claims of the respective parties, as stated in the case, and these are not to be considered by you as any evidence in this case.  The allegations of the respective parties must be established and proven by the evidence.

**INSTRUCTION NO.** 14

The Family and Medical Leave Act, or FMLA, entitles eligible employees to take up to twelve weeks of leave during any twelve month period for a serious health condition, and further gives the employee the right following leave either to be restored by the employer to the position held when the leave began or to be given an equivalent position.  The Act does not require the employer to pay the employee while on FMLA leave.

Under the FMLA, if the Plaintiff required leave because of a serious health condition making Plaintiff unable to perform job functions, the Plaintiff is allowed to take the leave intermittently or on a reduced leave schedule when medically necessary.  For example, an employee who undergoes cancer treatments every other week over the course of twelve weeks might want to work during the off-weeks, earning a paycheck, and saving six weeks of leave for later.  This is perfectly acceptable under the FMLA.  However, a Plaintiff is not allowed more than a total of twelve weeks of leave in a one year period.

Additionally, the State of Kansas Worker's Compensation Act gives an injured employee the right to seek benefits, including the right to request and receive the medical care and treatment that is reasonably necessary to cure and relieve the employee from the effects of the injury – this may include protection for absences which are necessitated by the injury. Under this law, it is unlawful for an employer to discharge an employee in retaliation for exercising his or her rights under the Kansas Worker's Compensation Act.

**INSTRUCTION NO.** 15

In order to prevail on his FMLA retaliation claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:     That the Plaintiff suffered from a "serious health condition," as hereinafter defined;

Second:   That the Plaintiff gave Defendant the proper "notice" of the need to be absent from work, as hereinafter defined;

Third:    That the Plaintiff was discharged from employment; and

Fourth:   The Plaintiff's absence from work was a substantial or motivating factor that prompted the Defendant to take action.

If you find that the plaintiff has failed to prove any of the above elements by a preponderance of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**INSTRUCTION NO.** 16

<u>Definition of a Serious Health Condition</u>

In his FMLA claim, the first fact that the Plaintiff must prove by a preponderance of the evidence is that he suffered from a serious health condition.  The plaintiff must present specific evidence that he suffers from a serious health condition.  Plaintiff cannot solely rely on his own assessment of his health. The serious health condition must have resulted in plaintiff having an inability to perform assigned work for a period of more than three consecutive calendar days.  The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves either inpatient care in a hospital, hospice, or residential medical facility or continuing treatment by a healthcare provider. Ordinarily, unless complications arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc. are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave.

<u>Definition of Notice</u>

The next fact that the Plaintiff must prove by a preponderance of the evidence is that he gave Defendant proper notice.  If the Plaintiff's need for leave was foreseeable (for example, due to planned medical treatment for Plaintiff or a family member), the Plaintiff is required to provide not less than thirty (30) days notice to the date the leave is to begin and of Plaintiff's intention to take such leave.  Should the circumstances require leave to begin

in less than thirty days, the Plaintiff is required to provide such notice as practicable.  The notice by Plaintiff must be sufficient for the Defendant to reasonably expect that the absence might qualify as the type of leave provided for under FMLA.  However, the Plaintiff is not required to mention the Act in giving notice of the need for leave.

Definition of "Substantial or Motivating Factor"

Finally, the Plaintiff must prove by a preponderance of the evidence that the Plaintiff's leave was a substantial or motivating factor that prompted the Defendant to take the challenged adverse employment action.

It is not necessary for the Plaintiff to prove that leave or the request for leave was the sole or exclusive reason for Defendant's decision.  It is sufficient if the Plaintiff proves that taking the leave was a determining factor that made a difference to the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer cause an employee to suffer an adverse employment action because of an employee's taking leave.  So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.  The Defendant is not responsible under the Act if the Defendant can

establish by a preponderance of the evidence that the Plaintiff would not otherwise have been employed at the time reinstatement is sought.

## INSTRUCTION NO. 17

If you find that the plaintiff has proven by a preponderance of the evidence that defendant engaged in impermissible retaliation, you must find in favor of the plaintiff unless the defendant has articulated a legitimate, non-retaliatory explanation for the adverse employment action taken against plaintiff. If defendant has articulated a non-retaliatory explanation for the unfavorable action taken against the plaintiff, then you must find in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the defendant's alleged explanation is merely a pretext for impermissible retaliation.

In order to prove that defendant's alleged explanation is a pretext for impermissible retaliation, the plaintiff may attempt to prove, by preponderance of the evidence, that the improper retaliatory motive more likely motivated defendant's decisions than the reason stated by defendant or the plaintiff may show that the explanation is unworthy of belief.

If you do not believe defendant's explanations, you may, but are not required to, infer that plaintiff has satisfied plaintiff's burden of proof that the defendant's legitimate non-retaliatory reason was merely a pretext for impermissible retaliation and you must find in favor of the plaintiff.  If plaintiff failed to prove that the explanation is a pretext, you must find in favor of defendant on the retaliation claim.

**INSTRUCTION NO.** 18

Plaintiff Jackie R. Wilkins also claims that Defendant Packerware has violated the FMLA's interference provisions.  In order to prevail on his FMLA interference claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:          That the Plaintiff was entitled to FMLA leave;

Second:          That the Defendant denied plaintiff his rights under the FMLA; and

Third:          That there is a causal connection between the two.

In this claim, the defendant's intent is immaterial.

However, an employee who requests leave or is on leave has no greater rights than an employee who remains at work.  For example, if the defendant can show that the plaintiff's discharge would have occurred regardless of the plaintiff's request for or taking of leave, then the defendant has not violated the FMLA as to this claim.

**INSTRUCTION NO.** 19

In addition to plaintiff's FMLA claims, Plaintiff claims that the Defendant violated Kansas Worker's Compensation laws.  More specifically, the Plaintiff claims that he was discharged from employment because of his taking leave necessitated by his work injury.

In order to prove his Kansas Worker's Compensation retaliation claim, Plaintiff must prove the following elements by a preponderance of the evidence that is clear and convincing in nature:

First:       Plaintiff sustained an injury on the job for which he could assert a future claim for worker's compensation benefits;

Second:    The Defendant had knowledge of Plaintiff's injury;

Third:      The Defendant terminated the Plaintiff's employment; and

Fourth:     There is a causal connection between the Plaintiff's exercise of worker's compensation rights and his termination.

A causal connection means that defendant's decision to terminate plaintiff was based on, because of, motivated by, or due to the defendant's intent to retaliate against him.

If you find that the plaintiff has failed to prove any of the above elements by a preponderance of the evidence that is clear and convincing in nature, your verdict must be for defendant and you need not proceed further in considering this claim.

Evidence is "clear" if it is certain, unambiguous, and plain to the understanding.  It is "convincing" if it is reasonable and persuasive enough to cause the trier of fact to believe it.

**INSTRUCTION NO.** 20

If the four elements in **Instruction No. 19** have been proven by a preponderance of the evidence that is clear and convincing in nature, your verdict must still be for the Defendant and against the Plaintiff if Defendant proves a legitimate, non-retaliatory reason for Plaintiff's discharge.

However, your verdict must be for the Plaintiff and not the Defendant if the Plaintiff proves by a preponderance of the evidence that is clear and convincing that the Defendant acted with retaliatory intent.  It is ultimately the Plaintiff's burden to show that the discharge was based on the Plaintiff's exercise of rights under the Worker's Compensation Act.

**INSTRUCTION NO.** 21

If you find in favor of plaintiff on his claims, you must award him such amounts as you find by the preponderance of the evidence will fairly and justly compensate him for the damages, if any, you find he sustained as a direct result of defendant's actions.  You may award damages only for injuries that plaintiff proves were caused by defendant's retaliation.  Plaintiff's claim for damages as a result of defendant's actions includes the following:

a.    Lost wages – the amount plaintiff would have earned in his employment with defendant if he had not been terminated from defendant on March 15, 2002, until today, minus the amount plaintiff earned from other employment or reasonably could have earned through mitigation during this period.

b.    Lost Benefits – the amount of benefits plaintiff would have received from defendant if he had retained his employment with defendant from March 15, 2002 until today, minus the amount plaintiff received from other employment during this period.

c.    Future Lost Wages – the amount of the present value of wages that the plaintiff is reasonably expected to lose in the future.

d.    Future Lost Benefits – the amount of the present value of benefits that the plaintiff is reasonably expected to lose in the future.

e.    Compensatory – the amount of damages sustained by plaintiff as a result of defendant's alleged retaliation in terminating plaintiff because of his claim under Kansas Worker's Compensation laws in the form of emotional pain, suffering, inconvenience, and mental anguish.

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

**INSTRUCTION NO.** 22

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

For example, with regard to the Plaintiff's claim for lost pay, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's lost pay by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

**INSTRUCTION NO.** 23

These instructions set forth the claims of the respective parties, as stated in the case, and these claims are not to be considered by you as evidence in this case.  The allegations of the respective parties must be established and proven by evidence.

**INSTRUCTION NO.** 24


Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**INSTRUCTION NO.** 25

In this case, plaintiff claims the defendant acted in a willful, wanton, and malicious manner toward the plaintiff.  If you award the plaintiff actual damages regarding his claim of Kansas Worker's Compensation Retaliation, then you may consider whether punitive damages should be allowed.  Punitive damages may be allowed in the jury's discretion to punish a defendant and to deter others from like conduct.

The burden is on the plaintiff to prove by clear and convincing evidence the defendant acted as claimed.  Clear and convincing evidence means evidence that is certain, unambiguous, and plain to the understanding and so reasonable and persuasive as to cause you to believe it.

If you find the defendant retaliated against the plaintiff for exercising rights under the Kansas Worker's Compensation Act, you should then determine whether clear and convincing evidence has been presented that the defendant acted in a willful, wanton, or malicious manner.  If you determine punitive damages should be allowed, your finding should be entered in the verdict form.  After the trial the court will conduct a separate hearing to determine the amount of punitive damages to be allowed.

**INSTRUCTION NO.** 26


I have instructed you concerning plaintiff's claim for damages, but that does not mean that I believe the plaintiff should, or should not, prevail in this case. That decision rests with you.

**INSTRUCTION NO.** 27

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court and sign the verdict upon which you agree.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the court.  Your answers will constitute your verdict.  Your answers to the questions must be unanimous.  Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

It is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges — judges of the facts.

**INSTRUCTION NO.** 28

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands — numerically or otherwise — on the question before you, until after you have reached an unanimous verdict.

At this time, you will have the opportunity to hear the plaintiff's and defendant's closing arguments.  After you hear the plaintiff's and defendant's closing arguments, you may retire and conduct your deliberations in such manner as may be determined by your good judgment as reasonable people.

_ 11/18/05_____                          ___s/K. Gary Sebelius_____
Date                                             The Honorable K. Gary Sebelius
                                                 United States Magistrate Judge